MERRIMAN S. SMITH, Judge,
dissenting.
This is a claim in which the facts and circumstances surrounding the causes and beginning of the fire, as brought out in the evidence before this court are so meagre and hypothetical that I am unable to join in with my colleagues in making an *131 award. In the instant claim the claimant should prove by a preponderance of evidence or at least beyond a reasonable doubt that the state’s employes were negligent. After a careful analysis of the evidence adduced by the claimant, I fail to find any such proof. Furthermore, I think there is a marked distinction between the degree of care to be exercised in the case of a friendly fire as distinguished from a hostile fire.
This was an unusual hostile fire in which not only gallons of gasoline but the dangerous fumes emanating from the floor only intensified the heat and increased the rapidity of the spreading flames which would render the efforts of a single person without effect.
At the beginning of the fire the only employe at work was entirely alone, consequently his testimony is the only authentic version of how the fire started, also as to his immediate efforts to exterminate the blaze. The name of this employe was Virgil Taylor and from his testimony, (record pp. 301 to 305) he first put out the flames which had enveloped him and his clothes, he then got the fire extinguisher from the truck upon which he was working and after attempting to extinguish the flames with no avail, he did the next most natural and logical thing, he ran to the store and asked Mr. Cox to get some help that the garage was on fire. In the words of the immortal poet “Who can be wise, amazed, temperate, furious, loyal and neutral in a moment?” The claimant, Mr. Cox stated the flames were three or four feet high when he saw the fire and he ran back into the store and secured a fifty pound sack of lime. By this time the fire had reached such proportions that he could not get close enough to throw the lime within five or six feet of the flames. Since this fire generated such intense heat from its inception, due to the inherent nature of gasoline and its fumes, how could the state’s employe, Virgil Taylor, be required to use more skill and more care than the claimant, Mr. Cox in extinguishing it, since Mr. Cox really had much more at stake than did the state, as evidenced by the monetary value of the store building and contents. No evidence was introduced to prove that the fire originated from any negligence on the part of the state road commission’s employe. In fact *132 this was the usual method of repairing a leaky truck tank. As a matter of fact this same truck’s tank had leaked just a short time before April 28, 1948, and was similarly repaired by the same employe and he further testified that other state trucks with leaky tanks had been repaired by him in a similar manner and without mishap. The state road commission had provided ample buckets and extinguishers for an ordinary fire in a building of this size, however, such a fire as in the instant case was an extraordinary, exceptional and uncontrolable fire for any one person to cope with any degree of success. The circumstances under which this fire originated were entirly different from those in the State ex rel. Catron v. Sims, 57 S. E. (2d) 465, upon which claimant is largely relying upon for a reward, this being a hostile fire and no evidence was introduced to prove negligence in its inception and the state road commission employe, Virgil Taylor, I am convinced, used ordinary care in combatting the flames as would any prudent mechanic under the same conditions and circumstances.
I must respectfully record this my dissent in denying an award in this claim.
[Judge Bland did not participate in the determination of this case.]